In the Matter of the Claim of WILLIAM BARRETT, Appellant, against TODD SHIPYARDS CORPORATION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board. On June 23, 1943, claimant suffered an injury to his right knee while employed by Atlantic Basin Iron Works. He filed a claim with the United States Employees Compensation Commission under whose jurisdiction the matter came. Claimant's physician reported he had hypertrophic peri-arthritis of his right knee which was activated by the injury. Several months after the accident, claimant was discharged by his physician, not as completely cured, but because maximum medical benefits had been obtained. Claimant sustained another injury to his right knee on April 15, 1944 while employed by Todd Shipyards Corporation, respondent employer. herein. A claim for compensation was filed with the Workmen's Compensation Board and hearings were held two years later to determine whether any disability he then had was related to the 1944 accident. Medical testimony was presented that claimant's knee had returned to the condition which existed before the 1944 accident. The referee found that the accident of 1944 caused no permanent defect in claimant's right knee, that the condition of the knee

in 1946 was due to the 1943 accident and that the disability caused by the 1944 accident ceased on July 9, 1945. An award was made accordingly and the case closed. In November, 1946, the Federal commission found that the 1943 accident caused a 20% loss of use of claimant's right leg and made an award of compensation. In 1950, on claimant's physician's report that the permanent disability of claimant's knee had worsened and that his condition was causally related to the 1944 accident, the board reopened the claim. Hearings were held at which divergent medical opinions were expressed. Two physicians were of the opinion that both accidents contributed to claimant's permanent disability. Another one testified that the 1944 accident did not contribute to his current condition. The history of the previous claims and the medical testimony presented at the reopened hearings created a question of fact. The board found that the 1944 accident was not causally related to the condition claimant complained of in 1950 and refused to make a further award. As there is substantial evidence to support the finding, we have no power to disturb it. (Workmen's Compensation Law, § 20; *Matter of Zaepfel* v. *Du Pont De Nemours & Co.*, 284 App. Div. 693.) We find no merit in claimant's argument relating to the sufficiency of the board's findings of fact. The findings sufficiently express the grounds for the board's decision to permit a review. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ.